[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR DEFICIENCY JUDGMENT (#126)
A judgment of foreclosure by sale entered in this case on February 10, 1992, with a sale date set at May 16, 1992. On that date, the Committee appointed by this court sold the subject property to the high bidder for CT Page 9009 the sum of $182,500.00. The sale was ratified by this court in June, 1992, and a closing was held in pursuance of said ratification and the proceeds were paid into court. On July 27, 1992, a supplemental judgment entered in this court in this case, wherein the court found that all proceeds from said sale, less Committee fees and expenses and appraiser fees, were to be paid to the plaintiff, the amount being $178,120.62.
One of the parties to this action is the United States of America thereby requiring a foreclosure by sale. 28 U.S.C. § 2410(c). On January 30, 1992 the plaintiff filed a motion for judgment of foreclosure by sale alleging that "a Judgment of Foreclosure by Sale is requested for the sole purpose that the United States of America is a defendant to this action and, therefore, only a Judgment of Foreclosure by Sale is proper in this action."
The obligor on the mortgage seeks relief under general statute49-28 which provides in pertinent part as follows:
 Sec. 49-28. When proceeds of sale will not pay in full. . . If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and . . . (Emphasis added.[1])
In this case, a foreclosure by sale was required by federal law; it was not a discretionary request by the plaintiff bank. Under these circumstances, the mortgagor is not entitled to relief under the statute since such a result would be inequitable. See Connecticut Foreclosures, Caron, Sec. 9.05B.
As of the date of the supplemental judgment, the plaintiff's debt, including costs and attorneys' fees, was found to be $198,888.05, which sum included interest to the date of closing, to wit July 9, 1992. Additional per diem interest has accrued from July 10, 1992 through the date of payment, August 24, 1992, in the amount of $2,238.30. Upon receiving payment, the plaintiff was left with an unpaid balance of $23,767.43, said amount including interest in the amount of $2,238.30 at the rate of $49.74 per diem from July 10, 1992 to date of receipt of proceeds on August 24, 1992. Since the date of payment, additional interest has accrued at the rate of $49.74 on the unpaid balance in the amount of $149.22. CT Page 9010
The motion for a deficiency judgment is granted in the amount of $23,916.65.
PICKETT, J.